UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 09-cr-117-P-S |
| PHONG TRUONG, | ) |
| | ) |
| Defendant. | ) |

ORDER ON DEFENDANT'S MOTION TO RECONSIDER

Before the Court is Defendant's Motion to Reconsider the Court's ruling on the Defendant's Motion to Compel (Docket # 54) in which the Defendant asks the Court to compel the Government to disclose the identity of a confidential informant involved in his case. As explained herein, the Court denies Defendant's Motion.

I.   **LEGAL STANDARD**

The district court has wide discretion in determining whether to compel the government to divulge the identity of a confidential informant. United States v. Robinson, 144 F.3d 104, 106 (1st Cir. 1998). The district court's decision will be upheld "as long as it comports with some reasonable rendition of the record." Id. (citing United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993)). The Court must consider the particular facts and circumstances of each case in determining whether disclosure is warranted. United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994).

II.   **FACTUAL BACKGROUND**

The Defendant is charged with one count of conspiracy to distribute methylenedioxymethamphetamine (MDMA) (Count I) and four counts of distribution of MDMA (Counts II-V). Each of the distribution counts involved the Defendant allegedly

selling MDMA to an undercover agent ("the Agent"). That Agent was allegedly introduced to the Defendant by a confidential informant ("the Informant"). However, the Informant was not present during any of the drug transactions charged in Counts II-V. Both the Informant and the Agent posed as escorts during their interactions with the Defendant.

The Government has produced tapes from two interactions involving the Defendant: one involved only the Informant and the Defendant, and the other involved the Defendant, the Informant, and the Agent.[1] During at least one of these conversations, the Informant and the Defendant allegedly refer to each other using terms of affection such as "baby" and they also discuss "partying" together. These taped conversations do not form the basis for any of the charges against the Defendant.

### III.   DISCUSSION

The Supreme Court recognized the Government's privilege to withhold disclosure of the identity of a confidential informant in Roviaro v. United States, 353 U.S. 53 (1957). The purpose of the so-called "informer's privilege" is to further the public interest in law enforcement by protecting citizens who communicate their knowledge of crimes. Id. at 60. The infomer's privilege, however, is not absolute. The Supreme Court has held: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60-61.

The district court must begin with a presumption in favor of protecting the identity of a confidential informant. See United States v. Robinson, 144 F.3d 104, 106

---

[1] These two interactions occurred on March 19 and March 27, 2006; both of which are within the timeframe of the conspiracy. Although drug transactions allegedly occurred during both of these meetings, the Government has not charged the Defendant with distribution on either of these dates.

(1st Cir. 1998). The defendant must overcome this presumption by showing that "disclosure is necessary to mounting an adequate defense." Id; see also United States v. Perez, 299 F.3d 1, 3-4 (1st Cir. 2002) ("[T]he law places the burden squarely on the party seeking disclosure (typically, the defendant) to demonstrate that knowledge of the identity of a confidential informant is vital to the proper preparation and presentation of his case."). The First Circuit has described the defendant's burden as "heavy, but not intractable." Id.

The Court is to balance the public interest in protecting the flow of information against the individual's right to prepare his defense and should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994). The defendant must make a preliminary showing of his need for disclosure of the confidential informant before the Court is required to hold a hearing on the issue. See United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993). To meet this burden, the Defendant must come forward with more than speculation and suspicion as to how the informant would be helpful to his defense. See United States v. Giry, 818 F.2d 120, 130 (1st Cir. 1987).

In this case, the Defendant has asserted the defense of entrapment and alleges that the identity of the Informant is necessary to his entrapment defense. The defense of entrapment has two elements: (1) government inducement of the accused to engage in criminal conduct, and (2) the accused's lack of predisposition to engage in such conduct. Matthews v. United States, 485 U.S. 58, 62-63 (1988). Entrapment comes into play only when the accused has successfully carried an initial burden of showing that there is evidence which fairly supports the claims of both government inducement of the crime

3

and the defendant's lack of predisposition to engage in it.  <u>United States v. Rodriguez</u>, 858 F.2d 809, 815 (1st Cir. 1988).

When entrapment is claimed, the defendant "must adduce some evidence of entrapment before the government is called upon to disclose" the identity of the confidential informant.  <u>United States v. Sharp</u>, 778 F.2d 1182, 1187 (6th Cir. 1985). The Defendant contends that the Government induced him to commit the charged offenses by offering sexual favors in exchange for drugs.  When given an opportunity to make an offer of proof as to what evidence supported his defense, the Defendant pointed to:  (1) the tape of conversations during which the Defendant and the Informant refer to each other as "baby" and talk about "partying" together, and (2) the fact that the Informant and the Agent both held themselves out as escorts.  From these two pieces of evidence, defense counsel contends that it could be inferred that the Defendant would receive sexual favors in exchange for the drugs.

The Court finds that the Defendant has failed to show any evidence of improper inducement.  Defense counsel has admitted that he has no evidence of an explicit promise to exchange sexual favors for drugs.  Moreover, the Defendant has failed to show why disclosure of the Informant's identity is necessary to mount his entrapment defense.  The Defendant already has a copy of the tape of the conversation where the terms of affection are exchanged.   There is no allegation that there were additional, unrecorded conversations between the Informant and the Defendant during which improper inducement occurred.  The Government has admitted that both the Informant and the Agent posed as escorts.  Accordingly, the Court finds that the Defendant has presented

4

nothing more than speculation and suspicion as to why disclosure of the identity of the Informant is necessary to his entrapment defense.

Moreover, the record is completely devoid of evidence related to the second prong of the entrapment defense, whether the Defendant was predisposed to commit the charged offense. Without some evidence that Defendant was not otherwise predisposed to commit the crime, speculation and allegations that sexual favors were promised to entice the Defendant into committing the charged offenses are insufficient to warrant disclosure of the Informant's identity.

Another critical factor under Roviaro is the informant's role in the offense. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." United States v. Valles, 41 F.3d 355, 358 (1st Cir. 1994). "Where the informant is a 'mere tipster,' as opposed to an active participant in the offense charged, disclosure is required only in the exceptional case where it is vital to a fair trial." Lewis, 40 F.3d at 1335 (citing United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991)); see also United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991) ("[w]hen the government informant is not an actual participant or a witness to the offense, disclosure is required only in those exceptional cases where the defendant can point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety.").

Generally, courts are reluctant to compel disclosure of an informant when their role is limited to that of introducing the defendant to a government agent. See, e.g.,

United States v. Diaz, 655 F.2d 580, 588 (5th Cir. 1981) (refusing to compel disclosure when informant served as "introducer"). In this case, the Informant was not physically present at any of the drug transactions that are being prosecuted by the Government.[2] Thus, the Informant's role in the charged transactions was merely that of an introducer and disclosure is not warranted. See United States v. Craig, 477 F.2d 129, 131 (6th Cir. 1973) (disclosure is not required when the evidence forming the basis of a defendant's charges is "secured by government agents personally and was in no way dependent on any informer."); United States v. Ross, No. 05-398-1, 2006 WL 938535 (E.D. Pa. April 4, 2006) (refusing to compel disclosure where defendant was not charged with any transaction witnessed by the informant).

The Defendant bears the burden of showing a need for the disclosure of the Informant's identity. On the record currently before the Court, the Defendant has failed to overcome the presumption in favor of protecting the identity of a confidential informant, and the Defendant's Motion must be denied.

---

[2] The Court notes that the Informant either witnessed or participated in other drug transactions involving the Defendant, at least one of which occurred during the timeframe of the conspiracy charged in Count I of the Indictment. However, the Government has indicated that it does not intend to introduce any evidence from these transactions. The Government is ordered to notify the Court if it reverses course and decides to introduce evidence from any transaction witnessed by or participated in by the Informant.

**IV.     CONCLUSION**

For the reasons stated above, Defendant's Motion to Reconsider the Court's ruling on the Defendant's Motion to Compel (Docket # 54) is DENIED without prejudice to Defendant's ability to re-raise the issue at trial should the evidence warrant it.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 4th day of December, 2009.